UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JOSE CABRERA-SABLAN, and<br>JAMES NINETE LEON GUERRERO,<br><br>　　　　　Defendants. | Case No. 1:08-cr-00259-OWW<br><br>Order Requiring CJA Counsel to Submit Budgets |

**To: Defendants and their Attorneys of Record:**

Due to the possibility death sentences will be sought in this case, the likelihood exists for it to become extraordinary in terms of potential cost. The *Guide to Judiciary Policies and Procedures* ("Judicial Guide"), Volume 7, Chapter 6, Section 6.02F provides:

> **Case Budgeting in Federal Capital Habeas Corpus Proceedings and Federal Death Penalty Cases.** Courts are encouraged to require appointed counsel to submit a proposed initial litigation budget for court approval that will be subject to modification in light of facts and developments that emerge as the case proceeds.  Case budgets should be submitted *ex parte* and filed and maintained under seal.

Counsel appointed under the Criminal Justice Act ("CJA") to represent the defendants listed above are ordered to submit budgets in this case.  The

Judicial Guide provides that federal capital case budgets should present the best estimate of the cost of all services, including fees and expenses, for experts, investigators, consultants and discovery.  Volume 7, section 6.02F. The budget shall also include the estimate of all travel expenses for counsel, experts, and investigators.

The budget will be presented in three stages.  Stage 1 includes services and expenses likely to be needed through the time when the Department of Justice determines whether to authorize the death penalty in this case.  Stage 2 includes services and expenses to be incurred after any authorization of the death penalty and prior to trial.  Stage 3 includes services and expenses incurred during the guilt phase and any penalty phase of the trial, including sentencing.  The budget for each stage will be closed out when the work for that stage is completed.  Authorized services and expenses are not carried over to the next stage.  Rather, a new budget for each succeeding stage must be prepared by counsel and approved by the Court.  Counsel may consult about the budgeting process with the Criminal Justice Act Circuit Case Budgeting Attorney in the Ninth Circuit Executive's Office, Nancy E. Rutledge, Esq.  Ms. Rutledge can be contacted by electronic mail at CJABudgeting@ce9.uscourts.gov or by phone at (415) 314-7261.

In support of the proposed budget for each stage, counsel shall file informative declarations which explain and/or justify the requested services, tasks, and expenses in the proposed budget and include any information that will assist the Court in determining the reasonableness of the budget request.  The supporting documentation should be captioned and filed under seal in a complete application, including explanatory

remarks, declarations, exhibits, the proposed billing rate for all service providers, and the reasonableness of that rate. All supporting declarations must be properly subscribed pursuant to 28 U.S.C. § 1746. Counsel should provide the Court with the curriculum vitae of any expert and/or investigator that counsel proposes be retained. The presumptive rates contained in the Ninth Circuit Capital Habeas Costs Policy, available on the Court's website at www.caed.uscourts.gov, under Fresno, Attorney Info, Forms, CJA, will be used as a guide for compensation of experts, investigators, and other service providers. Hiring service providers who work in the geographic area where the work is to be performed should be considered to determine if the cost savings outweigh the factors favoring a single provider.

  Counsel will be provided with automated forms for budgeting and voucher submission which require Microsoft Excel software. Although budgeting of attorney hours is not required, the automated forms provide categories for attorney time designed to assist counsel in planning their work, keeping track of expended hours and expenses, and completing the CJA vouchers. CJA counsel are authorized to receive interim payments in this case, and may submit vouchers for attorney time every three months. Attorney vouchers will be reviewed for reasonableness. If necessary, a voucher seeking reimbursement for expenses incurred by counsel may be submitted prior to the first quarterly voucher. Following each voucher approval, the updated automated file will be e-mailed back to counsel so the process can be repeated for the ensuing quarters.

  Billing statements or voucher worksheets shall specifically describe the work performed, the time allotted to each specific task, reported to one-

1 tenth (0.1) of an hour.  Descriptions should not be vague or general.  Each
2 time entry shall reflect discrete, individual tasks and shall not simply list
3 multiple tasks performed in a specified block of time.  Information should
4 be provided in sufficient detail so as to permit meaningful review by the
5 Court, including: identification of individual witnesses interviewed;
6 identification, by name or title, of persons involved in telephone
7 conversations or conferences; specific topics researched; and identification
8 of pleadings drafted or reviewed, and specific descriptions of other work
9 performed.  Aggregate time blocks or entries which are vague or
10 ambiguous will not be approved for payment.  If the level of detail is
11 insufficient for auditing purposes, the vouchers will be returned to counsel
12 for resubmission with adequate detail.

13       The Court will not approve compensation for administrative, clerical,
14 secretarial, or word processing/data entry services, regardless of whether
15 the person performing the function is an attorney, law clerk, paralegal or
16 secretary, and regardless of whether that person is regularly or specially
17 employed, performing normal, overtime, or supplemental work, or even if
18 counsel has no regularly employed secretary.  Administrative services
19 include preparation of payment vouchers and communications with Court
20 staff concerning the scheduling of hearings, budgeting procedures and
21 document due dates.

22       The Court will authorize payment for miscellaneous expenses
23 reasonably incurred and subject to national and district policies and
24 procedures.  Copies of all bills and receipts must be submitted for
25 reimbursement approval.

26       Mileage for case-related travel by privately owned (not rented)

automobile may be claimed at a rate in effect for federal judicial employees, available from the CJA Administrator.  Case-related parking fees and bridge/road tolls also are reimbursable.  Counsel should assess whether case-related travel would be more cost effective by privately owned automobile or rented automobile.  Ground transportation other than by privately owned automobile will be reimbursed on an actual expense basis.  Counsel should make every effort to obtain the lowest possible fares or rates.

Though travel expenses may be authorized in the budget, each time a member of Defendant's litigation team intends to travel by air, a Travel Request and Authorization Form must be authorized by the CJA Administrator and approved by the Court, unless counsel can procure more economical travel arrangements on his or her own.  Approval of a travel authorization form is the procedure by which government rates for travel are obtained; the form does not function as approval of travel expenses in excess of the budget.  Should the authorized budget be insufficient for the anticipated costs of travel, counsel must seek modification of the budget in addition to obtaining a travel authorization form from the CJA Administrator.

The Travel Request and Authorization Form enables CJA counsel to receive air travel at government rates paid directly from CJA funds. Counsel are expected to request authorization for air travel through the CJA Administrator in sufficient time in order to obtain low cost advance fare for air travel or to provide justification why an advance fare could not be obtained.  In no case will counsel be reimbursed for first-class travel expenses.  Counsel may make their own reservations for air travel and seek

reimbursement on a CJA voucher, but reimbursement will be limited to the available government rates.

The Court will approve reimbursement for food and lodging expenses at the established area per diem rate for out of town travel on case-related business.  Current travel and subsistence allowances are available on the GSA website, www.gsa.gov, under Per Diem rates, or from the CJA Administrator.

Counsel will be reimbursed for the actual cost of case-related long-distance telephone calls.  The Court will not authorize payment for any surcharges or for general telephone service.  Facsimile transmissions are reimbursable for the actual amount of the telephone charge.  Counsel will be reimbursed for the actual out-of-pocket expenses incurred in photocopying, up to a maximum of 10 cents per page.  Counsel will be expected to send documents over 100 pages in length to an outside copying service, unless counsel's in-house photocopying is more economically efficient.

The Court will authorize reimbursement for the actual cost of case-related regular U.S. postage.  Approval for reimbursement of the actual cost of other postal services or the use of non-federal carriers (such as overnight or two-day deliver) will be granted only if circumstances require the use of such services.  If counsel utilize expedited delivery services, a statement detailing the necessity of such delivery must be submitted with the itemized bill.  Counsel are to make every effort to use regular U.S. mail and e-mail via the Internet whenever possible.  The Court may modify this rule if counsel make excessive use of costly overnight carriers.

Computerized research fees are considered office overhead, as are

other fees for library items.  All CJA counsel are expected to subscribe to a flat-fee research plan and the court will authorize reimbursement for the cost of computer-assisted legal research when an explanation is provided – e.g., that the fees imposed are outside the scope of the flat-fee plan, or why a flat-fee plan is not feasible – and when the time expended is determined to be reasonable for the task(s) undertaken.

The Court will not reimburse counsel for the following expenditures:

a. General office overhead; including cellular telephone maintenance fees;
b. Books or other publications;
c. General law office supplies;
d. Travel, attendance, registration, or material costs related to educational seminars or training.

Bills from any investigative, expert or paralegal service shall be sent to the CJA Administrator with all supporting documentation.  The CJA Administrator manually will prepare a CJA Form 31 voucher and return it for the service provider's and counsel's signatures.  After processing the signed voucher for payment, the approved amounts for investigative, expert or paralegal services will be inputted into the automated file.

The Judicial Guide sets the maximum hourly rate for lead counsel at $170 per hour for work performed after January 1, 2008.  Volume 7, section 6.02.  Counsel shall file a declaration, *ex parte* and under seal, requesting authorization of an hourly rate and setting forth counsel's qualifications and experience which justify that rate.

In order to allow CJA counsel to familiarize themselves with the case, develop a defense strategy, gather a defense team, and develop and file a

budget during the first days after arraignment, the following sums are authorized as a preliminary budget for this case.  This authorization is to be considered a part of the overall budget, therefore, these amounts should be included in the Stage 1-1 budget.

Counsel for Defendant Guerrero are authorized to spend up to the following amounts in advance of the first budget authorization:

Investigator: 160 hours, at $65 per hour,

Paralegal: 300 hours, at $45 per hour, and

Mitigation Investigator: 150 hours at $50 per hour for record collection and 50 hours at $75 per hour for interviews and social history.[1]

Counsel for Defendant Sablan are authorized to spend up to the following amounts in advance of the first budet authorization:

Investigator: 80 hours at $65 per hour,

Paralegal: 150 hours at $45 per hour,

Mitigation Investigator: 75 hours at $50 per hour for record collection and 25 hours at $75 per hour for interviews and social history.

Travel expenses for CJA counsel to meet with the defendants prior to approval of the Stage 1 budget are also approved, subject to a review for reasonableness.  An increase in the hourly rate approved above for the Mitigation Investigator may be submitted for the interview/social history tasks if the investigator's qualifications justify a higher rate.

---

[1] These hourly rates differentiate between tasks: the collection of the client's life history records and the witness interviews and preparation of the social history summary (to be used by the testifying mitigation expert).

1  No later than 60 days from the date of this order, CJA counsel are
2  required to file with the Court *ex parte* and under seal an electronic copy of
3  the Stage 1-1 budget, with a supporting declaration, for the period from
4  August 26, 2008, through February 28, 2009.  <u>Although the Eastern District</u>
5  <u>utilizes electronic filing, documents to be filed under seal must still be</u>
6  <u>manually scanned into the electronic filing system by the Clerk's Office.</u>
7  Concurrently, each lead counsel shall electronically transmit the Stage 1-1
8  budget and supporting declaration to the Criminal Justice Act Circuit Case
9  Budgeting Attorney in the Ninth Circuit Executive's Office, at
10 CJABudgeting@ce9.uscourts.gov.

11  CJA counsel will file a request for hourly rate with supporting
12 declaration by September 10, 2008.  CJA counsel will file under seal a
13 budget and supporting declaration on or before November 3, 2008.   An *ex*
14 *parte* budgeting hearing shall be set by counsel within 15 days of filing the
15 proposed Stage 1-1 budget.  Counsel may appear telephonically at the
16 budgeting hearing.

18 IT IS SO ORDERED.
19 **Dated:   September 4, 2008**              **/s/ Oliver W. Wanger**
                                               UNITED STATES DISTRICT JUDGE