1  DONALD ROBERT KNIGHT, Pro Hac Vice
   Knight & Moses, LLC
2  7852 South Elati Street, Suite 201
   Littleton, Colorado
3  Telephone:   303-797-1645
   Facsimile:   303-730-0858
4  E-mail:       Don@knightandmoses.com

5  JOSEPH L. GREEN, Pro Hac Vice
   Leritz, Plunkert & Bruning, P.C.
6  555 Washington Avenue, Suite 600
   St. Louis, MO 63101
7  Telephone:   314-231-9600
   Facsimile:   314-231-9480
8  Email:        JGreen@leritzlaw.com

9  DANIEL J. BRODERICK, #89424
   Federal Defender
10 TIVON SCHARDL, FL Bar #73016
   Attorney
11 801 I Street, 3rd Floor
   Sacramento, California 95814
12 Telephone:  916-498-6666
   Facsimile:   916-498-6656
13 Email:        Tim_Schardl@fd.org

14 Attorneys for Defendant
   JOSEPH CABRERA SABLAN

15

16            IN THE UNITED STATES DISTRICT COURT

17          FOR THE EASTERN DISTRICT OF CALIFORNIA

18

19 UNITED STATES OF AMERICA,      )   No. 1:08-cr-00259-OWW
                                  )
20            Plaintiff,          )
                                  )   STIPULATED PROTECTIVE ORDER
21       v.                       )
                                  )
22 JOSEPH CABRERA SABLAN AND      )
   JAMES NINETE LEON GUERRERO,    )
23                                )
            Defendants.           )
24 _____ )

25 **I.     Introduction & Scope of Order**

26            On September 8, 2009 this Court granted Defendants' motion for discovery

of information in the possession of the Bureau of Prisons ("BOP").  That order was subject to the parties crafting a protective order that would be responsive to the BOP's concerns related to confidentiality and security.

This order shall apply to documents and electronically stored information produced to Defendants following the hearing held on September 8, 2009, which the BOP designates as needing protection either by copying documents on blue paper, or labeling or designating documents or files as subject to this Protective Order at the time of inspection or electronic transfer.

## II.   Sequestration & Embargo Provisions

1.   The person or persons who, on behalf of the Government, produce electronically stored information to Defendants shall make an identical copy of the produced records on the same digital storage medium used in discovery, unless the records are made available through a web site or are transmitted FTP via the internet, in which case, if the data compilation is produced to Defendant in personal computer files, the copy shall be made on a compact disk (CD), and if the data are created using an IBM Mainframe, that copy shall be made either on tape reels or tape cartridges.

2.   All documents produced to Defendants shall be marked in the lower right-hand corner, or some other uniform place, with sequential numbering that will enable them to be identified as documents covered by this Protective Order.  Each document the Government seeks to have covered by this Protective Order shall be copied on either blue paper or otherwise plainly designated as subject to the terms of this protective order.

3.   Counsel for Defendants shall maintain all documents and electronically stored information covered by this Order in such a way that it may not be viewed by any person except counsel for the defendants and those experts and investigators who are working with defense counsel in this case, and also the defendants themselves subject to the provisions set forth in Paragraph 6, *infra*.

1     4.    Defense counsel shall be responsible for developing a method for identifying

2 by a numeric code each person as to whose identifying information is produced to

3 Defendants on blue paper.  As to each such person, there shall be no references made to

4 them in the public record of this case except by code designation, or as provided in

5 Paragraph 5, *infra*.  Defense counsel shall file under seal, and serve on counsel for the

6 Government, a key correlating the code designation of each person with his or her name.

7 Except as provided in Paragraph 5, *infra*, the key shall not be disclosed or communicated

8 to any person other than counsel for the parties, their experts, or persons working under

9 their direct supervision in connection with the litigation of this case.

10     5.    None of the documents or electronically stored information produced to

11 defense counsel pursuant to this Protective Order, and no personal identifying information

12 contained therein or derived therefrom, shall be revealed to any other person without prior

13 authorization of the Court, obtained upon motion filed pursuant to fifteen days' notice and

14 served on counsel for the Government, or upon prior agreement by the Government.

15 Pursuant to the Court's prior order, the BOP shall, by November 6, 2009, identify those

16 documents or types of documents that should not be shown to Defendants.

17     6.    None of the documents or electronically stored information produced to

18 defense counsel pursuant to this Protective Order, and no personal identifying information

19 contained therein or derived therefrom, may be possessed by Defendants themselves.  This

20 provision and Paragraph 5, *supra*, does not preclude defense counsel from reviewing and

21 discussing these documents with Defendants.

22     7.    Except as provided in Paragraphs 4 and 5, *supra*, none of the materials

23 produced to Defendants on blue paper, and no information contained therein which

24 identifies individuals shall be transferred, revealed, or used in any way or for any purpose

25 except in connection with the litigation of this case.

26     8.    This Order shall remain in effect after the conclusion of trial, and through any

1    appeal and post-conviction proceedings on behalf of the defendants.

2    **III.    Provision for Inspection and Copying of Documents**

3                The Government objects to Items 4 in Section 2.1.9 of Defendant Sablan's

4    motion for discovery on grounds that production would be unduly burdensome.  During

5    the hearing on this matter, counsel for the BOP represented that documents responsive to

6    this request are maintained in fourteen filing cabinets located at USP Atwater.  Counsel

7    for Defendants have offered to bear the cost of having the contents of these filing cabinets

8    copied, or scanned to electronically stored images so that they can be inspected off-site.

9                The Government shall provide counsel for Defendants, or their designees,

10   prompt access to these files for such time as is necessary, during ordinary business hours,

11   to arrange copying or scanning.  Production is to be obtained by November 9, 2009.

12               Counsel for Defendants will ensure that the documents they obtain pursuant

13   to Part III of this Order are numbered as provided in Paragraph 2, *supra*.

14   ////

15   ////

16   ////

17   ////

18   ////

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

1    Dated:  September 23, 2009                  Respectfully submitted,

2
      /s/ Donald R. Knight                       LAWRENCE G. BROWN
3    DONALD R. KNIGHT                            United States Attorney
     Knight & Moses, LLP
4
     JOSEPH L. GREEN                               /s/ Duce Rice (as authorized on 9/23/09)
5    Leritz, Plunkert & Bruning, P.C.            DAWRENCE W. RICE, JR.

6    DANIEL J. BRODERICK                         Attorneys for Plaintiff
     Federal Defender                            UNITED STATES OF AMERICA
7
      /s/ Tivon Schardl
8    TIVON SCHARDL                                 /s/ C. Dominic Ayotte (as authorized on
     Office of the Federal Defender              9/23/09)
9                                                C.P. DOMINIC AYOTTE
     Attorneys for Defendant                     Attorney-Advisor
10   JOSEPH CABRERA SABLAN                       Federal Bureau of Prisons

11
      /s/ Richard G. Novak (as authorized on
12   9/21/09)
     RICHARD G. NOVAK
13   Law Offices of Richard Novak

14   SALVATORE SCIANDRA
     Law Offices of Salvatore Sciandra
15
     Attorneys for Defendant
16   JAMES NINETE LEON GUERRERO

17
                   IT IS SO ORDERED.
18
19   **Dated:   September 24, 2009**            _____ /s/ Oliver W. Wanger_____
                                                UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26