UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                    )<br>            Plaintiff,              )<br>                                    )<br>      v.                            )<br>                                    )<br>JOSEPH CABRERA SABLAN AND JAMES     )<br>NINETE LEON GUERRERO,               )<br>                                    )<br>            Defendants.             )<br>_____) | 1:08-cr-0259 OWW<br><br>**ORDER RE DISCOVERY DISPUTES<br>& SCHEDULING MODIFICATION**<br><br>**Proposed Discovery Plan<br>Filing Deadline: 9/23/09**<br><br>**Plaintiff's Specific<br>Responses to Discovery<br>Requests Shall Be Filed By:<br>11/9/09**<br><br>**Motions to Compel Filing<br>Deadline: 12/9/09**<br><br>**Oppositions to Motions to<br>Compel Filing Deadline:<br>12/21/09**<br><br>**Hearing on Motions to<br>Compel: 1/11/10 9:00 Ctrm.<br>3**<br><br>**Phase 2 and Phase 3 Motions<br>Filing Deadline: 1/15/10**<br><br>**Oppositions to Phase 2 and<br>Phase 3 Motions Filing<br>Deadline: 2/5/10**<br><br>**Replies to Phase 2 and<br>Phase 3 Motions Filing<br>Deadline: 2/16/10** |

1

|   |   |
|---|---|
| 1 | Hearing on Phase 2 and |
| 2 | Phase 3 Motions: 3/9/10 9:00 Ctrm. 3 |
| 3 | Defendants FRCP 12.2(a) and (b)(1) Notices Filing |
| 4 | Deadline: 5/17/10 |
| 5 | Expert Reports Re FRCP 12.2(a) and (b)(1) Notices |
| 6 | Filing Deadline: 6/15/10 |
| 7 | Plaintiff's Reciprocating FRCP 12.2(a) and (b)(1) |
| 8 | Expert Reports Filing Deadline: 7/15/10 |

This matter is before the Court on the parties' motions for discovery. Logistical matters raised during the hearing held September 8, 2009, also require the Court to modify the current Scheduling Order (Doc. 72).

I. <u>The Government's Motion</u>.

The government filed a motion requesting that the defendants serve the notices required by Fed. R. Cr. P. 12.2, and produce the reports required by Fed. R. Cr. P. 16(b)(1)(C)(ii). (Doc. 89). The Defendants have agreed to provide the government with any applicable notices and reports that would be required pursuant to Fed. R. Cr. P. 12.2(a) and (b)(1) and to do so by May 17, 2010. The Defendants also agreed to provide the notices and reports required by Fed. R. Cr. P. 12.2(b)(2) no later than June 15, 2010. The government has agreed to submit its reports no later than July 15, 2010.

The government also seeks an examination of the Defendants in the event they serve notice of an intention to rely on mental health evidence. The parties agreed at oral argument that it is premature to consider the propriety of a court-ordered

examination, and the timing and procedures for any such examinations.

II.  **The Defendants' Motions**.

Defendants Sablan and Leon Guerrero seek a variety of discovery pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and Fed. R. Cr. P. 16(a)(1)(A), (B), (D), and (E). In addition, the Defendants seek production of information that must be furnished pursuant to 18 U.S.C. § 3432, and the statements required to be disclosed pursuant to 18 U.S.C. § 3500 ("Jencks Act"). To the extent there is overlap between evidence that falls within the scope of Brady and its progeny and the Jencks Act, the Defendants argue that evidence should be disclosed prior to trial, while the government contends the timing provisions of the Act control.

In general, the government asserts that it has produced some of the requested documents, that some of the requested evidence is not discoverable as a matter of law, and that some of the evidence cannot be produced, at least not without imposing an undue burden on the Bureau of Prisons ("BOP").

A.  **Analysis of Defendant's Requests and the Government's Objections**

1.  **Requests Made Under Brady and Rule 16**.

The Court finds the evidence the Defendants seek pursuant to Brady and its progeny and Fed. R. Cr. P. 16(a)(1) is discoverable and must be produced to the defense prior to trial. With regard to Brady, prosecutors have an "affirmative duty to disclose evidence favorable to the defense." Kyles v. Whitley, 514 U.S. 419, 432 (1995). The scope of favorable evidence includes

3

everything that is "material either to guilt or to punishment." Brady v. Maryland, 373 U.S. 83, 87 (1967). The prosecutor's "constitutional duty is triggered by the potential impact of favorable but undisclosed evidence...." Kyles, 514 U.S. at 434. When the government possesses favorable evidence that is "material," the evidence must be produced to the defense. Evidence is material when, "considered cumulatively, not item by item," Kyles, 514 U.S. at 436, it would create a "reasonable probability" of a favorable result for the defendant. Id., 514 U.S. at 434, quoting United States v. Bagley, 473 U.S. 667, 678 (1985). Because knowledge of all evidence in the possession of the government, and any state agency working with the prosecution, is attributed to the prosecutor, United States v. Giglio, 405 U.S. 150, 154 (1972), "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." Kyles, 514 U.S. at 437.

The scope of what could be considered favorable evidence for the defense is a function of the law applicable to the two potential phases of trial, liability and punishment, and also includes evidence that could be used to impeach prosecution witnesses. As to the issue of punishment, Brady requires the disclosure of evidence that could be used by the defense as mitigation evidence to be weighed against a possible death sentence.[1] When the Supreme Court has "addressed directly the

---

[1] Brady itself was a case about the relative culpability of the defendant and whether the jury would have imposed a death sentence if evidence of his co-defendant's confession had been

4

relevance standard applicable to mitigating evidence in capital cases ... [the Court] spoke in the most expansive terms." <u>Tennard v. Dretke</u>, 542 U.S. 274, 284 (2004). <u>See</u>, <u>e.g.</u>, <u>Eddings v. Oklahoma</u>, 455 U.S. 104, 114 (1982) ("virtually no limits are placed on the relevant mitigating evidence a capital defendant may introduce concerning his own circumstances"). Congress codified this conception of mitigation evidence in 18 U.S.C. §§ 3592(a)(8) and 3593(c). A "defendant may present any information relevant to a mitigating factor ... regardless of its admissibility under the rules governing admission of evidence at criminal trials...." 18 U.S.C. § 3593(c). Mitigating factors are broadly defined to include any "factors in the defendant's background, record, or character or any other circumstances of the offense that mitigate against imposition of the death sentence." 18 U.S.C. § 3592(a)(8). The Court finds the evidence the Defendants seek falls, to the extent it exists, within the scope of evidence that could be considered in mitigation.

The Defendants also assert they are entitled, pursuant to Fed. R. Cr. P. 16(a)(1)(E), to copy or inspect the documents and electronically stored information described in their motions. The rule provides that, upon such a request,

> the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these, if the item is within the government's possession, custody, or control, and (i) the item is material to preparing the defense[, or], (ii) the government intends to use the item in its case-in-chief.

---

produced to the defense. <u>Brady</u>, 373 U.S. at 88-89.

Fed. R. Cr. P. 16(a)(1)(E).

> Rule 16 permits discovery that is relevant to the development of a possible defense. <u>United States v. Clegg</u>, 740 F.2d 16, 18 (9th Cir. 1984). To obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality. <u>United States v. Little</u>, 753 F.2d 1420, 1445 (9th Cir. 1984); <u>United States v. Cadet</u>, 727 F.2d 1453, 1468 (9th Cir. 1984). Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense. <u>See</u> <u>Little</u>, 753 F.2d at 1445; <u>Cadet</u>, 727 F.2d at 1466-68.

<u>United States v. Mandel</u>, 914 F.2d 1215, 1219 (9th Cir. 1990).

> The materiality requirement, however, is not a "heavy burden;" rather, evidence "is material as long as there is a strong indication that ... the evidence will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" <u>United States v. Liquid Sugars, Inc.</u>, 158 F.R.D. 466, 471 (E.D. Cal. 1994). "[R]equests which are designed to generally cast for impeachment material ... are not material. Such requests are instead simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful." <u>Id</u>. at 472.

<u>United States v. Bergonzi</u>, 216 F.R.D. 487, 501 (N.D. Cal. 2003). The Court finds the evidence sought in the Defendants' motions, if it exists, falls within the scope of what the government must permit the defense to copy or inspect.

During the hearing on the discovery motions, the representative of BOP presented security and logistical issues that must be addressed in order to give the Defendants the required access. The schedule for resolving those issues and completing production is set forth later in this order. However, it is necessary to address the government's contention that <u>Brady</u> and its progeny do not require pretrial disclosure, at least of certain types of evidence. The Court of Appeals for the Ninth

1  Circuit has addressed this issue, and, relying upon more recent
2  decisions from the Supreme Court than those cited by the
3  government, has said,
4     Under longstanding principles of constitutional due
       process, information in the possession of the
5      prosecutor and his investigating officers that is
       helpful to the defendant, including evidence that might
6      tend to impeach a government witness, must be disclosed
       to the defense *prior to trial*.
7
8  United States v. Price, 566 F.3d 900, 903 (9th Cir. 2009)
9  (emphasis added).
10    The government relies upon United States v. Jones, 612 F.2d
11 453 (9th Cir. 1979), for the proposition that it need not
12 disclose statements covered by the Jencks Act until after a
13 witness has testified, even if the witness's statement contains
14 information favorable to the defense so that it must be disclosed
15 under the Brady doctrine.  The Court notes that Jones predates
16 many changes in Brady law.  For example, Jones treats impeachment
17 evidence as different from other types of evidence covered by
18 Brady.  In Bagley, however, the Supreme Court "rejected any such
19 distinction between impeachment evidence and exculpatory
20 evidence" for purposes of the question of materiality.  Bagley,
21 473 U.S. at 676.  The Bagley materiality standard requires that
22 "evidence [be] considered cumulatively, not item by item."
23 Kyles, 514 U.S. at 436; United States v. Blanco, 392 F.3d 382,
24 387 (9th Cir. 2004).
25    "Recent developments also make clear that the duty to act is
26 triggered by the materiality standard, i.e. by the cumulative
27 quality of the evidence being sufficient to create a reasonable
28 probability of a favorable outcome for the defendant.  Under that

7

standard, "the prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of *all* such evidence and make disclosure *when the point of 'reasonable probability' is reached*." Kyles, 514 U.S. at 437 (emphasis added).  This is a rule of constitutional law that arose after the advent of the Jencks Act.

The "court is persuaded by the reasoning of [other] court's holding that Brady obligations are not altered or modified by the fact that the information is contained in witness statements or grand jury testimony." United States v. McVeigh, 923 F.Supp. 1310, 1315 (D. Colo. 1996), citing United States v. Starusko, 729 F.2d 256, 265 (3d Cir. 1984).  That reasoning is consistent with the due process requirements of Bagley and Kyles, which supersede the Ninth Circuit's decision in Jones.  The government shall produce to the defense all favorable evidence in its possession, custody or control under the terms of a Scheduling Order which is to be determined by the parties and submitted for the Court's consideration by September 23, 2009.

### 2. Requests Made Pursuant to 18 U.S.C. § 3432

The Defendants request a variety of information under statutory authority.  Title 18 § 3432 of the United States Code states the following:

> A person charged with treason or other capital offense shall at least three entire days before commencement of trial be furnished with a copy of the indictment and a list of the veniremen, and of the witnesses to be produced at the trial for proving the indictment, stating the place of abode of each venireman and witness.

The Defendants contend that this statute and other rules require

the government to produce a witness list which includes information needed to locate the witnesses.  The government does not object to providing such a list.

While the statute provides for disclosure of witness names and addresses three days prior to trial, the Court has the authority to order the government to produce a witness list so that the defense may prepare for trial.  <u>United States v. W.R. Grace</u>, 526 F.3d 499, 509-10 (9th Cir. 2008) (en banc).  The court in <u>Grace</u> reasoned that "[a]lthough Rule 16 does not expressly mandate the disclosure of nonexpert witnesses, it is not inconsistent with Rule 16 and Rule 2 for a court to order the government to produce a list of such witnesses as a matter of its discretion."  526 F.3d at 510.  The Court finds early disclosure of witness information is necessary for the Defendants to prepare for trial under the circumstances of this capital case.

III.  <u>Order</u>

In light of the above analysis, the Defendants' motions are GRANTED.  No later than November 9, 2009, the prosecution will provide, on behalf of the United States, specific responses to the discovery requests that have been propounded by Defendants Sablan and Guerrero.  With respect to any privileges invoked by the government, specific objections and claims of privilege, shall be made to the defense with the specific discovery material identified also by November 9, 2009.

The discovery materials referenced at the hearing held on September 8, 2009, including, but not limited to the 14 file cabinets of documents referenced by the BOP, shall be made available to defense immediately for copying and inspection.

Such copy and inspection shall be completed within 60 days of September 8, 2009, i.e., November 9, 2009, in accordance with reasonable protective conditions.

No later than September 23, 2009, Defendants shall file and serve a plan for implementing the terms of this discovery order. This plan shall include a proposed protective order and proposal for the inspection of documents.  Prior to submission of this plan counsel for the defense shall meet and confer with counsel for the government and counsel for the BOP.

Any motions to compel shall be filed by December 9, 2009. The government may file any response to a motion to compel no later than December 21, 2009.  On January 11, 2010, the Court will hear argument on motions to compel and any claims of privilege asserted by the government.

Because these recent discovery issues may affect the substance of Phase 2 and Phase 3 motions that the parties may wish to file, the Court vacates its previous deadlines for filing such motions and amends its previous Scheduling Order to reflect all Phase 2 and Phase 3 motions for Defendants are to be filed by January 15, 2010, with responses filed by the government due February 5, 2010, and any reply by Defendants shall be filed by February 16, 2010.  The Court also vacates the hearing currently scheduled for December 14, 2009.

Hearings on all said Phase 2 and 3 motions shall be held on March 9, 2010.

With regard to the government's motion, the Defendants are required to submit their notices pursuant to Fed. R. Cr. P. 12.2(a) and (b)(1) no later than May 17, 2010.  Expert reports

related to those notices shall be served on the same date.  The Defendants also are required to submit their notices pursuant to Fed. R. Cr. P. 12.2(b)(2), and related expert reports, no later than June 15, 2010.  The government will reciprocate with its reports no later than July 15, 2010.

IT IS SO ORDERED.

Dated:   October 15, 2009                     /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE