DONALD ROBERT KNIGHT, Pro Hac Vice
Knight & Moses, LLC
7852 South Elati Street, Suite 201
Littleton, Colorado
Telephone:  303/797-1645
Facsimile:  303/730-0858
E-mail:  Don@knightandmoses.com

JOSEPH L. GREEN, Pro Hac Vice
Leritz, Plunkert & Bruning, P.C.
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
Telephone: 314/231-9600
Facsimile: 314/231-9480
E-mail: jgreen@leritzlaw.com

DANIEL J. BRODERICK, SB #89424
Federal Defender
TIVON SCHARDL, FL Bar #73016
Trial & Habeas Counsel
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916/498-6666
Facsimile:  916/498-6656
E-mail:  Tim_Schardl@fd.org

Attorneys for Defendant
JOSEPH CABRERA SABLAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:08-cr-00259-OWW |
| Plaintiff, | **DEATH PENALTY CASE** |
| v. | ORDER BASED UPON DISCOVERY HEARING HELD ON NOVEMBER 2, 2010 |
| JOSEPH CABRERA SABLAN, | Judge: Honorable Oliver W. Wanger |
| Defendant. | |

1  THIS MATTER, coming on to be heard upon the discovery motions (Doc. No. 197, 198, 218, 253, 280) filed by the Defendants, Joseph Cabrera Sablan and James Leon Guerrero, and the responses (Doc. No. 204) filed by the government, and the Court having reviewed all of the above-stated documents and having heard argument by the parties on all issues raised by said documents FINDS as follows:

1. That for purpose of a clear record all parties and the Court need a way to notify all other parties in this case of the general name of all documents filed under seal and the corresponding document number.

2. That the parties met and agreed to modify certain requests for documents that have been made by the defendants. That the attorneys for the Bureau of Prisons (BOP) have diligently searched for documents responsive to each such request. As detailed extensively at the hearing, some documents were located by the BOP and turned over to the Office of the United States Attorney for production to the defendants. Other attempts failed to find any new documents responsive to a particular request.

The details as to each specific request were stated by the parties and the Court on the record, and the Court adopts as findings as to each particular request the statements made by the Court in the transcript of the hearing. These findings made by the Court with regard to discovery and as stated in the transcript may be relied upon by the parties as matters progress in this case.

The Court also determined that, from the date of this hearing going forward, January 1, 2005 to January 31, 2009 constitute the relevant discovery dates. (Transcript from Discovery Motions Hearing on November 2, 2010 hereinafter "Transcript", p. 70, line 4-7)

3. That with regard to particular requests that remained in dispute as the hearing progressed, the Court FINDS as follows:

   **a.   All notes, emails, recordings, or documents concerning conversations between BOP Director Harley Lappin and Regional Director McFadden concerning the October 2007 hostage incident at USP Atwater, and the Rivera Homicide of June 2008. (Doc. No. 280 Items 2(H) & (I)).**

The BOP represents that every "document" reflecting this incident has been provided. However, with regard to emails that may have been generated as requested in the specific discovery requests, the BOP attorney has represented that he is unsure of the retention policy for the BOP and therefore is unsure of whether the e-mails, as requested, still exist and can therefore be produced.

**b.  Records of allegations of misconduct by institution executive staff at Atwater from January 1, 2005 through November 4, 2009, and Office of Internal Affairs documents from January 1, 2005 through March 3, 2009 concerning sustained staff misconduct or violations of security practices or procedures, or any other documents that concern allegations of misconduct by any and all staff.  (Doc. No. 280, Items 2(M) & (Y)).**

Counsel for Mr. Sablan agreed to provide to BOP attorneys a list focused on misconduct that has conceivable relation to the events of the case, from a list previously provided to counsel by BOP attorneys. Counsel is to provide this to BOP attorneys within 7 days from the date of this hearing.

**c.  Correctional Services Program Reviews from USP Atwater (Doc. No. 204, para 19).**

Documents responsive to this request were provided to the AUSA to be delivered to the defendants. However, Mr. Ayotte stated that he would continue looking for further responsive information and would supplement this response in the future if it is discovered.

**d.  Disciplinary hearing concerning BOP employees in connection with the incident in Unit 5A on June 20, 2008 (Doc. No. 204, para 26).**

The Court finds that all documents that require an in-camera review under *Henthorn* must be delivered to the Court for review, with notice to the defendants, at least 30 days prior to trial.

**e.  Institutional Duty Officers Reports at USP Atwater from January 1, 2005 through June 20, 2008 (Doc. No. 204, para 38).**

1  Mr. Ayotte stated that some of these documents were provided on November 2,
2  2010, but that additional reports would be gathered and provided to the defense.

3  **f. Lieutenant meeting minutes from January 1, 2005 through November 4,**
4  **2009 and Warden/executive staff/department head meeting documentation, minutes**
5  **or notes from January 1, 2004 through June 4, 2009 (Doc. No. 204, para 56 & 57).**

6  The BOP provided to the defendants on November 2, 2010 documents responsive to
7  these two requests for dates January 2008 through June 2008. Furthermore, it was stated
8  that additional such reports were being gathered and will be provided.

9  **g. Correctional Services audits and materials from January 1, 2007**
10 **through June 1, 2009 (Doc. No. 204, para 59).**

11 Mr. Ayotte represented to the Court that these are still being searched for and will be
12 provided to the defense once they have been found.

13 **h. Correctional Services Internal Operations reviews and responses (Doc.**
14 **No. 204, para 64).**

15 Mr. Ayotte represents that these documents were provided to the AUSA for
16 discovery to the defense on November 2, 2010, and that representatives from the BOP will
17 continue to search for other documents responsive to this request and provide them to the
18 defense as they are found.

19 **i. Regional Staff assist visits and reports and responses. (Doc. 204, para**
20 **66)**

21 Mr. Ayotte represents that these documents were provided and to the AUSA for
22 discovery to the defense on November 2, 2010, and that representatives from the BOP will
23 continue to search for other documents responsive to this request and provide them to the
24 defense as they are found.

25 **j. Daily Assignment Rosters from USP Atwater for June 2008 (Doc. No.**
26 **204, para 89).**

27 Mr. Ayotte represents that these documents were provided to the AUSA for
28 discovery to the defense on November 2, 2010, and that representatives from the BOP will

continue to search for other documents responsive to this request and provide them to the defense as they are found.

### k. Staff Mentoring Program (Doc. No. 204, para 103).

Mr. Ayotte represents that these documents were previously provided to the AUSA for discovery to the defense on November 2, 2010, and that representatives from the BOP will continue to search for other documents responsive to this request and provide them to the defense as they are found.

### l. Disciplinary Hearing Reports related to March 4, 2008 incident for James Leon Guerrero at USP Coleman (Doc. No. 198).

Mr. Ayotte represents "… to the extent disciplinary hearing reports were available related to the inmates involved in such incidents, they would be gathered and provided. And they are still being gathered and provided. Your Honor. I do not have any today." (Transcript p.105, line 15-19)

4. That with regard to items 2(J) and (T) from Doc. No. 280 (SIA/SIS Manuals, Correctional Services Manuals, Security Threat Group Manual and Central Inmate Monitoring Manual,) the Court makes the following findings:

> The Court's tentative thinking on this dispute is, one, that there is at least a colorable theory that is advanced by the defense to explain the totality of circumstances and the convergence of events to try to mitigate the enormity of the killing.
>
> Further, the Court believes that a more limited production of only the policies that bear on the events and circumstances raised by this case; in other words, this is not a negligence per se case where we're going to look at every potential rule or statute that applies and then try to say, well, the Bureau violated this and so they're bad. Or that they should be somehow held accountable and anybody else's conduct should be excused or comparatively -- compared as a matter of comparative fault.
>
> Rather, the Court believes that this should be very focused. The inquiry should be on rules of procedures that bear specifically on these subjects of inmate identification, inmate classification, inmate housing, security procedures concerning the manufacture, use, possession of weapons, the aspect of the use of alcohol, its control and regulation.
>
> And then there is the more attenuated theory that there was somehow a climate of indulgence of inmate behavior that was -- such as the selling of cells that was unlawful, it was also disruptive, it encouraged conduct that would likely produce misconduct and disruption among the inmates. Which, again, ostensibly contributed and facilitated a climate of lawlessness within the prison population.

> So the Court believes that there is an entitlement to discovery, but that it should be narrowly focused and that it must be subject to protective order, where the relevant rules are limited to the use of the attorneys and their experts only, not to be disclosed to the defendant inmates or to any other third party who would be in a position to communicate or disclose it to anybody who could threaten the security of the institution or its personnel or the Bureau of Prisons, for that matter.

Transcript p. 135, lines 19-25, p. 136, and p. 137, lines 1-4.

WHEREFORE, it is ORDERED, ADJUDGED and DECREED as follows:

1.  The parties shall create a chronological index of all documents filed to date under seal and serve that document upon each other and the Court prior to December 3, 2010.

2.  That the government shall certify to the Court that it has, to the best of its abilities, searched for the outstanding documents stated in paragraph 3. a.-1. above, and provide all such documents to the defendants within 60 days from November 2, 2010.

3.  This matter shall be presented by the defendants to the Capital Case Committee for review prior to May 31, 2011.

4.  That with regard to the e-mail issue as stated in paragraph 4 above, the Court directs the attorney for the BOP as follows:

    a.  Make an inquiry of the administration for the BOP to determine if there are any e-mails that are pertinent to these two incidents (October 31, 2007 hostage situation and June 20, 2008 Rivera homicide).

    b.  Determine what the scope of the retention policy is for e-mails, during 2007 and 2008, at the local level (specifically USP Atwater), the Regional Directors office for the Western Region, and the National Directors Office where any e-mails pertinent to the issues raised by the defense in their discovery requests would have been logged.

    c.  If it is discovered that there was in place a retention policy as stated in 4b above, determine through BOP information technology professionals the process by which these e-mails can be recovered.

5.  That with regard to the BOP manuals at issue, the Court will review these documents in-camera and will thereafter provide to the defense all portions of said manuals that

/ / / / /

are relevant using the findings made by the Court at the hearing, and as set forth above, as a framework for review of these manuals.

  6.  The parties shall prepare and submit to the Court a Protective Order that specifically covers the matters contained in the manuals.

**IT IS SO ORDERED.**

**Dated:  December 29, 2010**              **/s/ Oliver W. Wanger**
                            **UNITED STATES DISTRICT JUDGE**