DONALD ROBERT KNIGHT, Pro Hac Vice
Knight & Moses, LLC
7852 South Elati Street, Suite 201
Littleton, Colorado
Telephone:   303/797-1645
Facsimile:    303/730-0858
E-mail:        Don@knightandmoses.com

JOSEPH L. GREEN, Pro Hac Vice
Leritz, Plunkert & Bruning, P.C.
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
Telephone: 314/231-9600
Facsimile: 314/231-9480
E-mail: jgreen@leritzlaw.com

DANIEL J. BRODERICK, SB #89424
Federal Defender
TIVON SCHARDL, FL Bar #73016
Trial & Habeas Counsel
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:   916/498-6666
Facsimile:    916/498-6656
E-mail:        Tim_Schardl@fd.org

Attorneys for Defendant
JOSEPH CABRERA SABLAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:08-cr-00259-OWW |
| Plaintiff, | **DEATH PENALTY CASE** |
| v. | PROTECTIVE ORDER RELATED TO BUREAU OF PRISONS MANUALS |
| JOSEPH CABRERA SABLAN, and JAMES NINETE LEON GUERRERO, | |
| Defendants. | |

In discovery requests designated 2.J and 2.T in PACER Document 280, and in court at the hearing held on November 2, 2010, Defendants Joseph Sablan and James Leon Guerrero requested the production of certain program statements/manuals created and used by

the United States Bureau of prisons.  The Government objected to the release of these documents.

Documents responsive to these discovery requests are contained in program statements (PS) and manuals created by the Bureau of Prisons, including PS 5180.04 Central Inmate Monitoring Manual, PS 1380.03 Security Threat Group program statement, PS 1380.05 Special Investigative Supervisors Manual, and PS 5500.11 Correctional Services Manual, including any revisions, updates, and attachments thereto.  Following the hearing on November 2, 2010, attorneys for the Bureau of Prisons supplied copies of these documents, and all revisions, updates, and attachments thereto, to the Court for *in camera* review.  The parties also provided the Court with additional documents regarding Defendant Leon Guerrero's CIM designation.  *See* Order (Doc. 348) at 2:15–3:8.  All such documents supplied to and reviewed by the court *in camera* have been returned to the BOP.  However, the Government has agreed to return all documents reviewed by the Court to the Court, under separate cover, to be maintained as part of the record of this case.

The court, having reviewed the requested program statements/manuals *in camera*, and having considered the filings and arguments of all parties, finds there is GOOD CAUSE to disclose to the Defense certain portions of each program statement/manual as listed herein. However, since information contained in these documents relates to the security of BOP facilities and disclosure of this information to inmates could compromise security in BOP facilities, the following items will be disclosed subject to the restrictions contained in this Order:

    1. From the Corrective Services Manual

        A. Chapter 3 - Security Inspections/Searches.

            (a) Sections 300 through 304.

        B. Chapter 6 - Crisis Management Teams, Training and Equipment.

            (a) Sections 600 through 601;

            (b) Section 603, *subsections 1 through 3 only*.

    2. From the Security Threat Groups Manual

...

A. Program Statement dated August 15, 1994, Parts 1 through 15;

B. Attachment A, Validation Criteria Worksheet; and

C. Operations Memorandum dated January 5, 2001.

3. From the Central Inmate Monitoring Manual

    A. Paragraph 105 (comprising a single page) pertaining to state prisoners.

4. From the Special Investigative Supervisor Manual

    A. Chapter 1 - Role, Authority and Scope of SIS Duties.

        (a) Sections 100 through 109;

        (b) Section 111.

    B. Chapter 4 - SIS Files.

        (a) Sections 400 through 402;

        (b) Section 405;

        (c) Section 407 through 408.

    C. Chapter 5 - Intelligence/Counter Intelligence Operations.

        (a) Sections 502 and 504 *excepting the examples provided*;

        (b) Sections 505 through 506;

        (c) Section 507 *excepting subsections (1) and (2)*;

        (d) Section 508;

        (e) Section 512.

    D. Chapter 6 - Investigative Case Management.

        (a) Sections 600 through 604;

        (b) Section 606 through 609;

        (c) Section 611 through 612.

    E. Chapter 7 - Handling/Preservation of Evidence.

        (a) Section 701;

        (b) Sections 717 and 718.

    F. Chapter 8 - Interview/Interrogation Techniques.

        (a) Sections 807 and 808.

1   G. Chapter 12 - Sentry.
2       (a) Section 1206.
3   H. Chapter 13 - SIS Computer Operations.
4       (a) 1301, *subsection (3) only*;
5       (b) 1302;
6       (c) 1303, *subsections (2) and (3) only*;
7   I. Chapter 14 - Preparation of SIS Reports.
8       (a) Sections 1400 through 1403.
9   J. Chapter 15 - Referrals for Prosecution.
10      (a) Section 1500;
11      (b) Section 1503;
12      (c) Section 1504, *subsection (1) only*;
13      (d) Sections 1505 through 1506.
14  K. Change Notices.
15      (a) Change Notice dated September 29, 1997;
16      (b) Change Notice dated May 20, 1996.

17  1.  Documents produced in response to this Order shall bear distinctive markings indicating that they are covered by this protective order. Each document produced, and each computer disk used to produce the documents shall bear the legend "Security PTO Docs" and "Attorney Eyes Only" in bold print. Each page of documents produced shall be consecutively numbered with the prefix "SecPTO*xxxx*," or similar markings indicating such materials are protected pursuant to this particular Court Order.

23  2.  Four copies of the documents produced in response to this Order shall be provided to Counsel for each defendant, and shall be numbered as copies one through eight, respectively. Defendants' Counsel shall not copy any portion of the Manual, and shall not disseminate any of the contents of the Manual by any means other than as provided for in this Order, and except as is necessary for Court proceedings.

28  3.  Documents produced in response to this Court Order shall be segregated from

other discovery in the files of defense counsel.  These documents shall be sequestered so that they may be viewed only by attorneys representing Defendants Sablan and Leon Guerrero, and the experts working under their supervision on this case.  Each person who views the documents shall be given a copy of this order.  Neither defendant, no other inmate or criminal defendant, shall have access to these documents or the information contained in them, either directly or indirectly.  Defense counsel shall maintain a list of individuals who view these documents.  At the conclusion of these proceedings, defense counsel shall file that list *ex parte* and under seal.

    4.    Documents produced in response to this Order, and all information contained therein, shall be embargoed so that it may be viewed and used only for purposes of the defense of Mr. Sablan and Mr. Leon Guerrero in the present case.  No documents produced in response to this Order, and no information contained in those documents, shall be disclosed outside of these proceedings.  If any report prepared in accordance with Fed. R. Crim. P. 16(b)(1)(C) contains or refers to information contained in these documents, the report shall bear the legend specified in Paragraph 1, *supra*, and shall be filed under seal.

    5.    In the event a party seeks to introduce testimony describing the contents of documents produced pursuant to this Order, or any part of the documents themselves, the following procedure will be used:

    A.    Before questioning any witness at trial concerning the contents of the Manuals, Defendants' Counsel shall provide to the Court a description of the portions of the Manuals to which Defendants' Counsel intends to refer.  In the event the documents or testimony describing their contents is admitted or proffered, it shall be subject to protection.

    B.    If a document covered by this Order, or any portion thereof, is proffered or admitted into evidence, it will be retained by the Court under seal; the exhibit will not be publicly available except in the open courtroom.

    C.    Subject to the Court's ruling on specific objections, the parties will be permitted to use the documents during trial, in open court, just as would be permitted

1  with any protected order document in any other criminal trial.
2      D.    At the conclusion of trial, before the transcript becomes publically
3  available, the parties will file a joint statement identifying the portions of the transcript
4  that should be redacted along with a proposed order directing the Clerk to make the
5  redactions.
6      6.    This Order shall continue in effect after the conclusion of these proceedings.
7  Following any appeal or post-conviction review, then-counsel for Defendants shall be
8  responsible for returning to the Bureau of Prisons each document produced in response to this
9  Court Order.
10
11 IT IS SO ORDERED.
12 **Dated:**   February 11, 2011           /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE