# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br><br><br>JOSEPH CABRERA SABLAN and<br>JAMES NINETE LEON GUERRERO,<br><br>    Defendants. | 1:08-CR-00259-PMP<br><br><br><br><u>ORDER</u> re Defendant Sablan's<br>Motion for Access to Evidence<br>(Doc. #573) |

Before the Court for consideration is Defendant Joseph Sablan's fully briefed Motion for Access to Evidence and Judicial Records (Doc. #573). By this Motion, Defendant Sablan seeks and order of this Court:

1. Directing the United States to produce copies of any and all documents or electronically stored information in the possession, and all other evidence of like kind in its possession relating to mental health issues, diseases, defects or conditions of mind of co-defendant James Ninete Leon Guerrero;

2. Directing the United States to disclose any and all statements by Mr. Leon Guerrero or his non-attorney agents regarding conduct charged in the indictment or in the proposed amended notice of intent to seek the death penalty;

3. Directing the United States to produced evidence related to the movement of Mr. Sablan to the United States Penitentiary at Terre Haute, Indiana, before trial;

1
2
3
4
5

    4.      Directing counsel for Mr. Leon Guerrero to show cause why they have not complied with this Court's order of May 2, 2011, directing them to file a log of all documents previously filed under seal; and

    5.      Unsealing, at least as to Mr. Sablan, any and all judicial records related to Mr. Leon Guerrero's mental condition and his correspondence with the Court regarding the case.

In Part II of his motion, Defendant Sablan further breaks down the specific relief requested into twenty (20) sub parts, the first four sub parts relating to materials filed or lodged with the Court, and the remaining sixteen relating to material allegedly in the possession of the United States. The Court need not be drawn into a lengthy discussion of each of the twenty sub parts of Defendant Sablan's motion, however, because the Court finds for the most part Defendant Sablan has failed to demonstrate that the materials either exist, or to the extent that they do, they are material to the defense of Defendant Sablan as to either the guilt or potential penalty phase of this case. Moreover, neither the Constitutional Laws of the United States, nor the Federal Rules of Federal of Criminal Procedure and case law mandate imposing on Plaintiff United States the burden of seeking out and producing much of the information requested by Defendant Sablan which the Government has indicated it does not intend to offer as evidence at trial. Moreover, Defendant Sablan has failed to demonstrate the exculpatory or impeaching nature of the material to the extent it is in the possession of or available to the Government.

Neither co-Defendant Leon Guerrero or Plaintiff United States object to the production by the Government of a copy of the video recordings of the competency evaluation of co-Defendant Leon Guerrero. (*See* Docs. #442 & #443 entered July 28, 2011 and August 2, 2011, respectively).

///

///

**IT IS THEREFORE ORDERED** that Plaintiff United States shall, within **10 days of the date of this Order** provide to counsel for Defendant Sablan a copy of the video tapes of Defendant Guerrero's BOP Competency Evaluation referenced in the Order of Judge Wanger (Doc. #443) and subject to the Protective Order (Doc. #443) entered by the Court.

**IT IS FURTHER ORDERED** that the Government shall also produce within **10 days of the date of this Order** copies of the documents and electronically stored information provided to Dr. Hope relating to Defendant Guerrero's BOP Competency Evaluation, subject to the same Protective Order referenced above.

**IT IS FURTHER ORDERED** that to the extent Plaintiff United States has not already done so, shall produce within **ten days of the date of this Order** copies of any statements or oral or written communications between co-Defendant Leon Guerrero and Government Agents relating to the offenses alleged in the Indictment in this case.

On June 10, 2013 (the deadline specified for Defendant Sablan to file a Reply Memorandum in support of his Motion at Doc. #573), co-Defendant Guerrero also filed a "Reply to Government's Response to Defendant Sablan's Motion for Access to Evidence and Judicial Records." (Doc. #614).  This "Reply" filed on behalf of Defendant Guerrero largely restates the position of Defendant Guerrero with respect to Defendant Sablan's Motion, which was contained in Defendant Guerrero's Opposition (Doc. #605) filed May 20, 2013.  However, in Section II thereof, Defendant Guerrero  offers the opinion of counsel that the position taken by Plaintiff United States concerning Defendant Guerrero's "mental problems"  set forth in its Response in Opposition to Defendant Sablan's Motion (Doc. #604),  constitutes a "judicial admission that Defendants Guerrero and Sablan did not engage in joint planning" with respect to the attack on Officer Rivera.  Although the various

expressions of opinion and "final anticipatory comments" offered in Section II of the Guerrero Reply (Doc. #614) are interesting, and even have provoked a Sur Reply from Plaintiff United States (Doc. #628), the Court does not view the opinions expressed by either counsel for Defendant Guerrero or Plaintiff United States set forth in those respective filings (Docs. #614 & #628) to be more than that. Certainly they do not constitute cognizable motions seeking specific orders for relief from this Court. If counsel for any Party to this case are seeking specific relief from the Court on any of the matters discussed in their filings, the Court expects counsel to file an appropriate motion for specific relief forthwith. To the extent counsel for the Parties view their respective filings at Docs. #614, 613 and #628 as constituting motions for some for of relief from this Court, said motions are **denied without prejudice** to address the matter by means of an appropriate motion.

      By his request #4, for an order to show cause why counsel for co-Defendant Guerrero has not complied with the Court's Order of May 2, 2011 (Doc. #408) to file a log of all documents previously filed under seal, Defendant Sablan raises an interesting point which provokes an equally intriguing response from co-Defendant Guerrero. As correctly stated in Defendant Guerrero's Response in Opposition to co-Defendant Sablan's Motion (Doc. #605), the Order entered by Judge Wanger (Doc. #408), was not directed only at Defendant Guerrero, but expressly applied to ". . . every party to the case. Anybody who has filed anything under seal, . . ., including the Government." (*See* transcript of this hearing re competency conducted May 2, 2011 at pg. 16, lines 22-24). This case has now proceeded before at least three district judges, and a review of the Court's docket shows that the Parties have on many occasions filed motions and other papers under seal, or sought permission to do so. Moreover, the Court's docket sheet may not in all case reflect the disposition with regard to each motion, request or notice to file documents under seal. The

Court is of the view that Judge Wanger's Order of May 2, 2011 was very insightful and should be renewed.

**IT IS THEREFORE ORDERED** that counsel for Plaintiff United States, Defendant Sablan, and Defendant Guerrero shall **within twenty-eight (28) days of the date of this Order** provide to each other, and shall file with the Court, a **"Log of Sealed Documents"** which shall identify the document's title, date of filing, its number of pages, and a general description of the proposed document submitted either under seal, or with a motion, request, or notice.  Said "Log of Sealed Documents" shall be updated by counsel for each Party and filed on a quarterly basis.  Additionally, the "Log of Sealed Documents" shall not include  motions or materials submitted in support of ex parte motions relating to the authorization of funding under the Criminal Justice Act submitted by counsel for either Defendant.

**IT IS FURTHER ORDERED** that for the reasons set forth above, the balance of the relief requested by Defendant Sablan's Motion (Doc. # 573) is **denied.**

DATED:  August 1, 2013

_____
PHILIP M. PRO
United States District Judge