# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOSE CABRERA SABLAN and<br>JAMES NINETE LEON GUERRERO,<br><br>　　　　　Defendants. | 1:08-CR-00259-PMP<br><br>**O R D E R** re Defendant Sablan's Motion to Dismiss Count Three & Strike 18 U.S.C. §§ 3592(c)(1) & (c)(3) from the Notice of Intent (Doc. #592) |

Defendant Joseph Sablan is charged in Count Three of the Indictment in this case with Murder by a Federal Prisoner Serving a Life Sentence in violation of 18 U.S.C. § 1118. In the Notice of Intent to Seek the Death Penalty, the Government states its intention to rely upon the alleged violation of § 1118 as an aggravating circumstance applicable under 18 U.S.C. § 3592(c)(1) and (c)(3) to the charges of First Degree Murder and First Degree Murder of a United States Correctional Officer, alleged in Counts One and Two of the Indictment.

Title 18 U.S.C. § 1118 provides in pertinent part:

> (a) Offense. - A person who, while confined in a Federal correctional institution under a sentence for a term of life imprisonment, commits the murder of another shall be punished by death or by life imprisonment.
>
> (b) Definitions. - In this section . . . "term of life imprisonment" means a sentence for the term of natural life, a sentence commuted to natural life, an indeterminate term of minimum of at least fifteen years and a maximum of life, or an unexecuted sentence of death.

Title 18 U.S.C. § 3592(c)(1) provides that a jury must consider as an aggravating factor that a victim's death occurred during a commission of an enumerated offense such as a violation of 18 U.S.C. § 1118, if applicable. Title 18 U.S.C. § 3592(c)(3) provides that the jury must consider as an aggravating factor that

> ". . . the defendant previously been convicted of another Federal or State offense resulting in the death of a person, for which a sentence of life imprisonment or death was authorized by statute."

Defendant Sablan concedes that on June 20, 2008, the date on which he and co-Defendant Leon Guerrero allegedly murdered United States Correctional Officer Jose Rivera at the United States Penitentiary in Atwater, California, he was serving a prison sentence for murder imposed in the Superior Court of Guam under 9 G.C.A. § 16.40(b) which provides in pertinent part:

> "a person convicted of murder shall be sentenced to life imprisonment notwithstanding any other provision of the law; provide, however, that any person convicted of murder shall be eligible for parole after serving fifteen years."

Defendant Sablan argues that 18 U.S.C. §§ 1118 and 3592(c), were enacted as part of the Federal Death Penalty Act in order to create a deterrent for those who might feel they have nothing to lose by committing murder because they were already going to serve the rest of their lives in prison. Defendant Sablan contends that he is not such a person as he became eligible for parole on the Guam conviction on September 30, 2008. Thus, Sablan argues that to subject him to the death penalty under 18 U.S.C. §3592(c)(1) or (c)(3) would be "contrary to the cannons of statutory construction, contrary to the rule of lenity, contrary to the intentions of the legislature and court in Guam, violate Mr. Sablan's due process rights by modifying *ex post* the sentence in his previous case, and violating the Eighth Amendment's prohibition on arbitrary imposition of the death penalty." (Doc. #592, pg 3).

For purposes of resolving the instant motion, the Court finds it unnecessary to resolve the disagreement between the Parties as to whether Defendant Sablan would have

been released on parole for the Guam conviction on September 30, 2008, or whether the Guam Codes permit "indeterminate" sentences. Neither must this Court resolve the question of whether the Rule of Lenity applies, because this Court finds the statutes in question are not ambiguous. Indeed, the language of the pertinent Federal and Guam statutes are clear and require no construction beyond the language used therein. At the time of the alleged murder of Officer Jose Rivera on June 20, 2008, Defendant Sablan was under a sentence of life imprisonment imposed by the Superior Court of Guam pursuant to 9 G.C.A. § 16.40(b). The fact that the Guam statute provides for eligibility for parole after serving fifteen years does not render the Guam sentence infirm as an "indeterminate" sentence. Sablan's Guam sentence, and the statute under which it was imposed, fall squarely within the language of Title 18 U.S.C. § 1118 and § 3592(c)(3). Moreover, the Court finds no "irrational distinction" presented by the application of the statutes in question leading to a "arbitrary and capricious" result, nor does the Court find that Title 18 U.S.C. § 1118, § 3592(c)(1) or (c)(3) otherwise violate the Eight Amendment.

**IT IS THEREFORE ORDERED** that Defendant Sablan's Motion to Dismiss Count Three & Strike 18 U.S.C. §§ 3592(c)(1) & (c)(3) from the Notice of Intent) (Doc. #592) is **DENIED**.

Dated: August 14, 2013.

_____
PHILIP M. PRO
United States District Judge