**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH CABRERA SABLAN and<br>JAMES NINETE LEON GUERRERO,<br><br>　　　　　Defendants. | 1:08-CR-00259-PMP<br><br>**ORDER** re Defendant Sablan's Motion to Strike the "Heinous, Cruel, or Depraved" Aggravating Factor (Doc. #599) |

　　　　Before the Court for consideration is Defendant Sablan's Motion to Strike the "Heinous, Cruel, or Depraved" Aggravating Factor (Doc. #599) filed May 15, 2013. Defendant Leon Guerrero has Joined in Defendant Sablan's Motion (Doc. #602), and the matter is now fully briefed.

　　　　Title 18 U.S.C. § 3592(c)(6) provides:

> (c) **Aggravating Factors for Homicide**. - In determining whether a sentence of death is justified for an offense described in section 3591(a)(2), the jury, or if there is no jury, the court, shall consider each of the following aggravating factors for which, if any, exist:
>
> (6) **Heinous, cruel, or depraved manner of committing offense**. - The defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim.

　　　　In the Indictment (Doc. #1), under the Notice of Special Findings, (subparagraph 8), the Grand Jury alleges the statutory aggravating factor that Defendant Sablan "committed the offense in an especially heinous, cruel, or depraved manner in that it involved serious physical abuse to Jose V. Rivera." The Government repeats this allegation in the Amended Notice of Intent to Seek the Death Penalty

(Doc. #434) filed pursuant to 18 U.S.C. § 3593(a).

Defendant Sablan argues that because no other limiting language in either the Indictment or Notice of Intent has been given to more fully provide notice or inform Defendant Sablan sufficiently so that he can meet this allegation, the Indictment and Notice of Intent are unconstitutionally vague as they do not narrow the class of murders to which "the factor applies." Were the foregoing allegations in the Indictment and Notice of Intent evidence before the jury or a jury instruction, Defendant Sablan would have a basis to argue that, "the challenged provision fails adequately to inform juries what they must find to impose the death penalty and as a result leaves them and appellate courts with the kind of open-ended discretion which was held invalid in *Furman v. Georgia*, 408 U.S. 238 (1972)." (*See* Doc. # 599 at 3). The language contained in the Indictment and Government's Amended Notice of Intent, however, is neither evidence nor a jury instruction. If, and when, this case proceeds to trial, the Court and the Parties will be in a position to determine whether the evidence adduced at trial has been sufficient to warrant instruction to the jury regarding this particular aggravating factor. However, at this stage of the proceedings, the allegations contained in the Indictment and Amended Notice of Intent together with discovery produced by the Government is sufficient to provide Defendants Sablan and Leon Guerrero with adequate notice pertaining to the allegation under 18 U.S.C. § 3592(c)(6).

Defendant Sablan's additional argument that the statutory aggravating factor proposed under 18 U.S.C. § 3592(c)(6) is unconstitutionally vague and over broad, "can't be so given that Congress defined what it meant by 'especially heinous, cruel, or depraved' when it specified that for this manner of killing to be aggravating, it must involve 'torture or serious physical abuse to the victim.'" *United States v. Mitchell*, 502 F.3d. 931, 975 (9th Cir. 2007). Furthermore, alleged unconstitutional vagueness

may be cured by an appropriate narrowing instruction to a jury, as recognized in *Mitchell* and many other cases.  *See Walton v. Arizona*, 497 U.S. 639, 653 (1990); *United States v. Sampson*, 486 F.3d. 13, 38 (1st Cir. 2007); *United States v. Webster*, 162 F.3d. 308, 354–57 (5th Cir. 1998); and *Bradley v. Nagle*, 212 F.3d. 559, 570–71 (11th Cir. 2000).  Naturally, the Court will consider the arguments of counsel regarding appropriate limiting jury instructions pertaining to this particular aggravating factor at trial and in the context of the evidence adduced before the jury.  At this stage, however, the Court finds that Defendant Sablan's Motion to Strike the "Heinous, Cruel, or Depraved" Aggravating Factor from the Indictment and Notice of Intent (Doc. #599) must be denied.

As Defendant Leon Guerrero does not articulate any additional argument beyond his simple Joinder in Defendant Sablan's "Specific Motions" (Doc. #602), the ruling above applies equally to Defendant Leon Guerrero.

**IT IS THEREFORE ORDERED** that Defendant Joseph Sablan's Motion to Strike the "Heinous, Cruel, or Depraved" Aggravating Factor (Doc. #599), as Joined by co-Defendant Leon Guerrero (Doc. #602), is **DENIED**.

DATED:  August 15, 2013.

_____
PHILIP M. PRO
United States District Judge