UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA—FRESNO DIVISION

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH CABRERA SABLAN and JAMES NINETE LEON GUERRERO,<br><br>    Defendants. | 1:08-CR-00259-PMP<br><br>**ORDER** on Defendant Sablan's Motion for Reconsideration of the Court's Order Dated September 26, 2013, Denying Defendant's Motion To Dismiss on the Grounds of Double Jeopardy and Duplication (Doc. #738) |

      Before the Court is Defendant Joseph Cabrera Sablan's Motion for Reconsideration (Doc. #738), filed October 23, 2013. Defendant Joseph Cabrera Sablan moves this Court to reconsider its Order (Doc. #711) regarding Defendant Sablan's Motion To Dismiss the Indictment on Grounds of Double Jeopardy and Duplication.

      The parties are familiar with the facts and the Court will not address them here except where necessary. Defendant Sablan argues the Court incorrectly ruled that he abandoned one of his double jeopardy arguments, specifically, that Count Three does not require proof of a fact distinct from the other counts. The Order did not rule this argument was abandoned. Furthermore, the Court addressed the argument and determined Count Three requires proof of a fact distinct from the other counts and therefore does not violate the Double Jeopardy Clause.

      Defendant Sablan also argues the Court failed to address the argument that aggravating factors and mental states are essential elements of the offense, thereby duplicating offense elements and violating the Eighth Amendment. In referring to statutory aggravators as essential elements of the offense, Sablan relies on <u>Ring v. Arizona</u>. 536 U.S. 584 (2002). However, <u>Ring</u> held that "[b]ecause Arizona's enumerated aggravating factors operate as the functional equivalent of an

1  element of a greater offense, the Sixth Amendment requires that they be found by a jury." Id. at
2  609 (quotation and internal citation omitted). Ring does not stand for the preposition that
3  aggravating factors, while operating as the functional equivalent of elements, duplicate offense
4  elements and thereby violate the Eighth Amendment. To interpret Ring in such a way would
5  directly contradict other Supreme Court holdings. See Tuilaepa v. California, 512 U.S. 967, 972
6  (1994); Lowenfield v. Phelps, 484 U.S. 231, 246 (1988).

7  **IT IS THEREFORE ORDERED** that Defendant Joseph Cabrera Sablan's Motion for
8  Reconsideration of the Court's Order Dated September 26, 2013, Denying Defendant's Motion to
9  Dismiss on the Grounds of Double Jeopardy and Duplication (Doc. #738) is hereby **DENIED**.

11  Dated: December 11, 2013

_____
HONORABLE PHILIP M. PRO
U.S. DISTRICT COURT JUDGE